United States District Court
Middle District of Florida
Jacksonville Division

**KENDRA LYLES,**
    *Plaintiff,*

v.                                                          NO. 3:25-cv-209-HES-PDB

**BLUE PEAK REALTY LLC ETC.,**
    *Defendants.*

---

**KENDRA LYLES,**
    *Plaintiff,*

v.                                                          NO. 3:25-cv-216-HES-PDB

**AUDREY MCKIBBIN MORAN,**
    *Defendant.*

---

**KENDRA LYLES,**
    *Plaintiff,*

v.                                                          NO. 3:25-cv-217-HES-PDB

**DDS INVESTMENTS LLC,**
    *Defendant.*

---

## Report and Recommendation

In each of these three actions filed on the same day, the plaintiff, a frequent pro se litigant,[1] appears to complain about goings-on at a rental

---

[1] *See Lyles v. Potter*, 3:05-cv-00150-HLA-HTS; *Lyles v. Potter*, 3:05-cv-00486-JHM-HTS; *Lyles v. United States*, 3:07-cv-01011-HES-TEM; *Lyles v. Thorne*, 3:07-cv-01064-HES-TEM; *Lyles v. Glasier*, 3:08-cv-00025-HES-TEM; *Lyles v. Amazon.com Services, LLC*, 3:24-cv-00224-TJC-PDB; *Lyles v. Fir Lane Holdings*, 3:25-cv-00210-HES-PDB;

property or properties and an alleged "fraud ring" and, in two of the actions, alleged "terrorist attacks." *See* Doc. 8 (3:25-cv-209); Doc. 1 (3:25-cv-216); Doc. 7 (3:25-cv-217).

In each of the actions, the undersigned directed the plaintiff to resources for unrepresented litigants and ordered her to take two or more actions by a certain deadline: file a signed and complete application to proceed without prepaying fees or pay the filing fee, file a signed complaint, file an amended complaint that satisfies the pleading standards, or show cause why certain actions should not be consolidated. *See* Doc. 6 (3:25-cv-209); Doc. 4 (3:25-cv-216); Doc. 5 (3:25-cv-217). In each of the actions, the plaintiff failed to comply with the order in one or more ways.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice, however, is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

The undersigned recommends (1) **dismissing** each action for failure to comply with an order, but **without prejudice** because no extreme circumstance is present; and (2) **directing** the clerk to terminate the pending applications to proceed without prepaying fees or costs, Doc. 7 (3:25-cv-209); Doc. 6 (3:25-cv-217), and close the files.

---

*Lyles v. Real Pro Mgmt. Sunstate*, 3:25-cv-00211-HES-PDB; *Lyles v. Ferguson*, 3:25-cv-00212-HES-PDB; *Lyles v. Floyd*, 3:25-cv-00213-HES-PDB; *Lyles v. Hudson*, 3:25-cv-00214-HES-PDB; *Lyles v. Fowler*, 3:25-cv-00215-HES-PDB; *Lyles v. Richman Prop. Servs.*, 3:25-cv-00218-HES-PDB.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on August 19, 2025.

Patricia D. Barksdale
United States Magistrate Judge

c:  Kendra Lyles
    3685 Silver Bluff Boulevard
    Orange Park, FL 32065

3